FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

OCT 1 3 2021

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **4:21CR554 SRC/NAB** |
| v. | ) | |
| | ) | |
| STEPHEN GRIFFIN, JR., | ) | Counts One, Two, Three, Four, Eight, Ten |
| KENNETH THOMAS, | ) | Counts One, Two, Five, Seven |
| RAYMUNDO DELEON, | ) | Counts One, Two, Eleven |
| GLENN WILLIAMS, | ) | Counts One, Two, Five, Twelve |
| KYANNA CANALES, | ) | Count Three |
| ARIEL NEVAREZ-GONZALEZ, | ) | Count Three |
| TROY MILLS, | ) | Counts One, Two, Thirteen |
| JOVON HARRIS, | ) | Counts One, Two, Fourteen |
| ARIEAWN DILLON, | ) | Counts One, Three, Four |
| DAVEON BARNES, | ) | Counts Three, Six, Nine, Fifteen |
| DALVIN WILEY, | ) | Count One |
| CRYSTAL MILLER, | ) | Counts One, Two |
| LATOYA WILSON | ) | Counts One, Two |
| STEPHEN HILLIARD, | ) | Count Sixteen |
| ANDREW PROUT, | ) | Count One, Two |
| JUSTIN SHERRARD, | ) | Count Three |
| ARIEL RANDALL, | ) | Counts One, Two |
| JESSICA ALVAREZ, | ) | Counts One, Two |
| LARRY MARTINEZ-SOTO, and | ) | Counts Three, Four |
| SANELA DEMIROVIC, | ) | Count Nine |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INDICTMENT

### COUNT ONE
### (21 U.S.C. § 846 - Methamphetamine)

The Grand Jury charges that:

Beginning at a time unknown, but including June 2020 and continuing thereafter to the

date of this Indictment, in the Eastern District of Missouri, the Central District of California, and

elsewhere, the defendants

**STEPHEN GRIFFIN, JR.,**
**KENNETH THOMAS,**
**RAYMUNDO DELEON,**
**GLENN WILLIAMS,**
**TROY MILLS,**
**JOVON HARRIS,**
**ARIEAWN DILLON,**
**DALVIN WILEY,**
**CRYSTAL MILLER,**
**LATOYA WILSON,**
**ANDREW PROUT,**
**JESSICA ALVAREZ, and**
**ARIEL RANDALL,**

did knowingly and willfully conspire, combine, confederate and agree with each other, and with

other persons known and unknown to this Grand Jury, to commit offenses against the United

States, to wit: to distribute and possess with intent to distribute methamphetamine and a mixture

or substance containing a detectable amount of methamphetamine, a Schedule II controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1). All in violation of

Title 21, United States Code, Section 846.

The amount of methamphetamine involved in the conspiracy attributable to **STEPHEN**

**GRIFFIN, Jr., KENNETH THOMAS, RAYMUNDO DELEON, GLENN WILLIAMS,**

**TROY MILLS, JOVON HARRIS, ARIEAWN DILLON, DALVIN WILEY, CRYSTAL**

**MILLER,** and **LATOYA WILSON** as a result of their own conduct, and the conduct of other

conspirators reasonably foreseeable to them, is 50 grams or more of actual methamphetamine

and 500 grams or more of a mixture or substance containing a detectable amount of

methamphetamine, punishable under Title 21, United States Code, Section 841(b)(1)(A).

The amount of methamphetamine involved in the conspiracy attributable to **ANDREW**

**PROUT** as a result of his own conduct, and the conduct of other conspirators reasonably

2

foreseeable to him, is 5 grams or more of actual methamphetamine and 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, punishable under Title 21, United States Code, Section 841(b)(1)(B).

The amount of methamphetamine involved in the conspiracy attributable to **ARIEL RANDALL** and **JESSICA ALVAREZ** as a result of their own conduct and the conduct of other conspirators reasonably foreseeable to them is punishable under Title 21, United States Code, Section 841(b)(1)(C).

**COUNT TWO**
**(21 U.S.C. § 846 - Fentanyl)**

The Grand Jury further charges that:

Beginning at a time unknown, but including September 2019 and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri, the Central District of California, and elsewhere, the defendants

**STEPHEN GRIFFIN, JR.,**
**KENNETH THOMAS,**
**RAYMUNDO DELEON,**
**GLENN WILLIAMS,**
**TROY MILLS,**
**JOVON HARRIS,**
**LATOYA WILSON,**
**CRYSTAL MILLER,**
**ANDREW PROUT,**
**JESSICA ALVAREZ, and**
**ARIEL RANDALL,**

did knowingly and willfully conspire, combine, confederate and agree with each other, and with other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of

3

Title 21, United States Code, Section 841(a)(l). All in violation of Title 21, United States Code, Section 846.

The amount of fentanyl involved in the conspiracy attributable to **STEPHEN GRIFFIN, Jr., KENNETH THOMAS, RAYMUNDO De LEON, GLENN WILLIAMS, TROY MILLS, JOVON HARRIS,** and **LATOYA WILSON** as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is 400 grams or more, punishable under Title 21, United States Code, Section 841(b)(1)(A).

The amount of fentanyl involved in the conspiracy attributable to **ANDREW PROUT** and **CRYSTAL MILLER** as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is 5 grams or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

The amount of fentanyl involved in the conspiracy attributable to **ARIEL RANDALL** and **JESSICA ALVAREZ** as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT THREE
### (21 U.S.C. § 846 - Fentanyl)

The Grand Jury further charges that:

Beginning at a time unknown, but including February 2021 and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri, the District of Arizona, the Northern District of Texas, and elsewhere, the defendants

**KYANNA CANALES,
ARIEL NEVAREZ-GONZALEZ,
DAVEON BARNES,
STEPHEN GRIFFIN, Jr.,**

4

**ARIEAWN DILLON,**
**JUSTIN SHERRARD, and**
**LARRY MARTINEZ-SOTO**

did knowingly and willfully conspire, combine, confederate and agree with each other, and with

other persons known and unknown to this Grand Jury, to commit offenses against the United

States, to wit: to distribute and possess with the intent to distribute a mixture or substance

containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of

Title 21, United States Code, Section 841(a)(l). All in violation of Title 21, United States Code,

Section 846.

The amount of fentanyl involved in the conspiracy attributable to **KYANNA CANALES,**

**ARIEL NEVAREZ-GONZALEZ, DAVEON BARNES, STEPHEN GRIFFIN, Jr.,**

**ARIEAWN DILLON,** and **LARRY MARTINEZ-SOTO** as a result of their own conduct, and

the conduct of other conspirators reasonably foreseeable to them, is 400 grams or more,

punishable under Title 21, United States Code, Section 841(b)(1)(A).

The amount of fentanyl involved in the conspiracy attributable to **JUSTIN SHERRARD**

as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to

him, is 5 grams or less, punishable under Title 21, United States Code, Section 841(b)(1)(C).

**COUNT FOUR**
**(21 U.S.C. § 846 - Methamphetamine)**

The Grand Jury charges that:

Beginning at a time unknown, but including March 2021 and continuing thereafter to the

date of this Indictment, in the Eastern District of Missouri and elsewhere, the defendants

**STEPHEN GRIFFIN, Jr.,**
**ARIEAWN DILLON, and**
**LARRY MARTINEZ-SOTO,**

5

did knowingly and willfully conspire, combine, confederate and agree with each other, and with other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute methamphetamine and a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846.

The amount of methamphetamine involved in the conspiracy attributable to **STEPHEN GRIFFIN, Jr., ARIEAWN DILLON** and **LARRY MARTINEZ-SOTO** as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is 50 grams or more of actual methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, punishable under Title 21, United States Code, Section 841(b)(1)(A).

## COUNT FIVE
### (21 U.S.C. § 846 - Heroin)

The Grand Jury further charges that:

Beginning at a time unknown, but including September 2019 and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri, and elsewhere, the defendants

### KENNETH THOMAS, and
### GLENN WILLIAMS

did knowingly and willfully conspire, combine, confederate and agree with each other, and with other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(l). All in violation of Title 21, United States Code,

6

Section 846.

The amount of heroin involved in the conspiracy attributable to **KENNETH THOMAS** and **GLENN WILLIAMS** as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is one kilogram or more, punishable under Title 21, United States Code, Section 841(b)(1)(A).

## COUNT SIX
### (21 U.S.C. § 841 – Fentanyl)

The Grand Jury further charges that:

On or about May 3, 2021, in the Eastern District of Missouri, the defendant

### DAVEON BARNES

did knowingly and intentionally possess with the intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 18, United States Code, Section 841(a)(1), punishable under Title 21, United States Code, Section 841(b)(1)(A).

## COUNT SEVEN
### (21 U.S.C. § 841 - Fentanyl)

The Grand Jury further charges that:

On or about September 11, 2019, in the Eastern District of Missouri, the defendant

### KENNETH THOMAS

did knowingly and intentionally possess with the intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 18, United States Code, Section 841(a)(1) and punishable under Title 21, United States Code, Section 841(b)(1)(A).

7

## COUNT EIGHT
### (21 U.S.C. § 841 – Methamphetamine)

The Grand Jury further charges that:

On or about March 4, 2021, in the Eastern District of Missouri, the defendant

### STEPHEN GRIFFIN, JR.,

to distribute and possess with intent to distribute 50 grams or more of actual methamphetamine, a

Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)

and punishable under Title 21, United States Code, Section 841(b)(1)(A).

## COUNT NINE
### (18 U.S.C. § 1957)

The Grand Jury further charges that:

On or about April 2, 2021, in the Eastern District of Missouri, the defendants,

### DAVEON BARNES, and
### SANELA DEMIROVIC

did knowingly engage, attempt to engage, and aid and abet each other and others, including a

person known to the Grand Jury as Person #1, in a monetary transaction by, through, or to a

financial institution, that is the purchase of a 2021 Dodge Durango SRT Hellcat at All-Star Dodge

Chrysler Jeep Ram, affecting interstate or foreign commerce, in criminally derived property of a

value greater than $10,000, such property having been derived from a specified unlawful activity,

to wit: conspiring to distribute and possess with intent to distribute controlled substances, in

violation of Title 18, United States Code, Section 1957 and 2.

## COUNT TEN
### (18 U.S.C. § 924(c))

The Grand Jury further charges that:

8

On or about March 4, 2021, within the Eastern District of Missouri, the defendant,

**STEPHEN GRIFFIN, Jr.,**

did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiring to distribute and possess with intent to distribute methamphetamine and a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT ELEVEN
### (18 U.S.C. § 924(c))

The Grand Jury further charges that:

On or about May 25, 2021, within the Central District of California, the defendant,

**RAYMUNDO DELEON,**

did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiring to distribute and possess with intent to distribute controlled substances including methamphetamine and fentanyl, Schedule II controlled substances, in violation of Title 21, United States Code, Section 846, said conspiracy occurring within the Eastern District of Missouri and elsewhere.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT TWELVE
### (18 U.S.C. § 924(c))

The Grand Jury further charges that:

On or about May 26, 2021, within the Central District of California, the defendant,

9

**GLENN WILLIAMS,**

did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be

prosecuted in a court of the United States, that is, conspiring to distribute and possess with intent to

distribute controlled substances including methamphetamine and fentanyl, Schedule II controlled

substances, in violation of Title 21, United States Code, Section 846, said conspiracy occurring

within the Eastern District of Missouri and elsewhere.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT THIRTEEN
### (18 U.S.C. § 922(g)(1))

The Grand Jury further charges that:

On or about December 16, 2020, in the Eastern District of Missouri, the defendant

**TROY MILLS,**

the defendant herein, knowingly possessed a firearm, knowing he had previously been convicted

in a court of law of one or more crimes punishable by a term of imprisonment exceeding one year,

and the firearm previously traveled in interstate or foreign commerce during or prior to being in

defendant's possession.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FOURTEEN
### (18 U.S.C. § 922(g)(1))

The Grand Jury further charges that:

On or about April 16, 2021, in the Eastern District of Missouri, the defendant

**JOVON HARRIS,**

the defendant herein, knowingly possessed a firearm, knowing he had previously been convicted

in a court of law of one or more crimes punishable by a term of imprisonment exceeding one year,

10

and the firearm previously traveled in interstate or foreign commerce during or prior to being in defendant's possession.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FIFTEEN
## (18 U.S.C. § 922(g)(1))

The Grand Jury further charges that:

On or about May 5, 2021, in the Eastern District of Missouri, the defendant

### DAVEON BARNES,

the defendant herein, knowingly possessed a firearm, knowing he had previously been convicted in a court of law of one or more crimes punishable by a term of imprisonment exceeding one year, and the firearm previously traveled in interstate or foreign commerce during or prior to being in defendant's possession.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SIXTEEN
## (21 U.S.C. § 856(a)(2))

The Grand Jury further charges that:

Beginning at a time unknown, but including between June 2020 and January 2021, and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri, the defendant

### STEPHEN HILLIARD

did unlawfully and knowingly manage and control the premises located at 13 North Oaks Plaza, St. Louis, Missouri 63121 as a lessee, agent, and occupant, and did knowingly and intentionally make available for use said place for the purpose of unlawfully manufacturing, storing, distributing, and using a controlled substance, in violation of Title 21, United States Code, Section 856(a)(2).

11

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.     Pursuant to Title 21, United States Code Section 853(a), upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1), 846 or 856(a)(2), as set forth in Counts One through Eight and Count Sixteen, the defendants listed shall forfeit to the United States of America any property, real and personal, constituting or derived from any proceeds obtained directly or indirectly as a result of said offenses, and any property used, or intended to be used, in any manner or part to commit or facilitate the commission of said offenses.

2.     Pursuant to Title 18, United States Code, Sections 982(a), upon conviction of an offense in violation of Title 18, United States Code, Sections 1957, as set forth in Count Nine, the defendants listed shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

3.     Pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Sections 922(g)(1) or 924(c) as set forth in Counts Ten through Fifteen, the defendants listed shall forfeit to the United States of America any firearm or ammunition involved in or used in those offenses.

4.     Subject to forfeiture is a sum of money equal the total value of any property, real or personal involved in transactions or attempted transactions in furtherance of the offenses charged in Counts One through Nine and Count Sixteen.

5.     Specific property subject to forfeiture includes, but is not limited to, the following:

12

a.     Approximately $6,040.00 U.S. Currency;
b.     Approximately $14,411.20 U.S. Currency;
c.     Approximately $48,000.00 U.S. Currency;
d.     Approximately $904.00 U.S. Currency;
e.     Approximately $2,661.00 U.S. Currency;
f.     Approximately $8,024.00 U.S. Currency;
g.     Approximately $7,119.00 U.S. Currency;
h.     2021 Dodge Durango, VIN: 1C4RDJDG8MC556635;
i.     2021 Dodge Durango SRT Hellcat, VIN: 1C4SDJH95MC689205;
j.     2018 Chevrolet Malibu, VIN: 1G1ZD5ST2JF140493;
k.     2012 Jeep Grand Cherokee SRT8, VIN: 1C4RJFDJ9CC206074;
l.     Glock 22, CAL: 40;
m.     Glock 22 Semi-Auto Pistol, CAL: 40;
n.     Ruger SR9, CAL: 9;
o.     Taurus G2C, CAL: 9;
p.     Glock 23, CAL: 40;
q.     Hi-Point C9 Pistol, CAL: 9;
r.     Smith and Wesson SW40VE Pistol, CAL: 40;
s.     1.0. Inc Sporter 15 AR 15, CAL:.223;
t.     Sig Sauer P320 Handgun, CAL:9;
u.     North American NAA22 Revolver, CAL: 22;
v.     Wesson & Harrington 22 Silhouette Revolver, CAL: 32;
w.     Cobray Leinad PMll Handgun, CAL: 9;
x.     F.N. Five-Seven Handgun, CAL: 5.7x28;
y.     Glock 19 Handgun, CAL: 9;
z.     Polymer P80 PF940C Handgun, CAL: 9;
aa.     Smith & Wesson SD40 Handgun, CAL: 40;
bb.     Glock 19 Handgun, CAL: 9;
cc.     Springfield Armory XD-40 Handgun, CAL: 40;
dd.     Crickett S.L.L.R. Rifle, CAL: 22 SN: CPRI 1414;
ee.     Rossi R92 Rifle, CAL: 45 Colt SN: 7CR019942M;
ff.     AR-15 Rifle, CAL: 223;
gg.     Polymer P80 PF940C Handgun, CAL: 9;
hh.     Polymer P80 PF940C Handgun, CAL: 9;
ii.     Polymer P80 PF940C Handgun, CAL: 9;
jj.     Polymer P80 PF940C Handgun, CAL: 9;
kk.     Polymer P80 PF940C Handgun, CAL: 9;
ll.     Miscellaneous Magazines and Ammunition; and
mm.     Miscellaneous Jewelry, including the following:
> i.     Diamond Stud Earrings;
> ii.     White Gold Gent's Diamond Ring with 38 Straight Baguette Diamonds;
> iii.     Gent's Stainless Steel Imitation Patek Phillippe Watch;
> iv.     White Gold Tennis Necklace; and
> v.     White Gold Custom Medallion with30 Baguette Diamonds.

13

6. If any of the property described above, as a result of any act or omission of the

defendants:

     a. cannot be located upon the exercise of due diligence;

     b. has been transferred or sold to, or deposited with, a third party;

     c. has been placed beyond the jurisdiction of the court;

     d. has been substantially diminished in value; or

     e. has been commingled with other property which cannot be divided without

difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to 21

U.S.C. § 853(p).

                        A TRUE BILL.


                        _____

                        FOREPERSON

SAYLER A. FLEMING
United States Attorney


_____
Stephen Casey #58879MO
Erin O. Granger #53593MO
Assistant United States Attorneys